IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD GENE GUY,

        Plaintiff,

vs.                                     CIVIL NO.  08-347 WFD/LFG

TIMOTHY NORTHCUTT, DONALD
DUNN, NELSON GOODIN, Assistant
District Attorney, and SUSANA MARTINEZ,
District Attorney of New Mexico

        Defendants.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 51].  This case was referred to the undersigned Magistrate Judge for purposes of conducting a *sua sponte* review as authorized by 28 U.S.C. § 1915, and issuing a report and recommendation to the trial judge.

### *In Forma Pauperis* **Status**

Plaintiff Richard Gene Guy ("Guy") sought the Court's authorization to allow him to proceed with his litigation without the payment of costs or fees.  The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs.  The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

Guy is incarcerated and has no assets with which his lawsuit. Based on his affidavit indicating indigency, the Court allowed him to file his Complaint for damages without the payment of filing fees [Docs. 8 and 47].

## *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). In response to this congressional concern, federal courts were authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2).

Pursuant to this statutory authority, federal courts are authorized to *sua sponte* review *in forma pauperis* complaints to determine if they can withstand scrutiny under Fed. R. Civ. P. 12(b)(6) and "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F. 3d 1174, 1177 (10th Cir. 2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)).  However, if the defect in the pleading may be cured by appropriate amendments, dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (dismissal should be without prejudice and with leave to amend if a *pro se* claimant's pleading defects are potentially curable.)

"[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Smith v. United States, __ F.3d __, 2009 WL 820177 at *3 (10th Cir. Mar. 31, 2009) (internal citation omitted). "This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). It is with these standards in mind that the Court reviews Guy's complaint.

## **Background**

On March 17, 2005, Guy was indicted by a State Grand Jury on seventeen counts of fraud and tax evasion. A warrant for his arrest was issued on March 22, 2005. State v. Guy, D-307-CR-200500423.[2] Subsequent to the date of his indictment, Guy left the United States and went to the State of Kuwait, a sovereign Arab Emirate, located on the coast of the Persian Gulf. His purpose in entering Kuwait was to work with private contractors doing business with the United States Department of Defense. [Doc. 5, attached Original complaint, p. 3.][3]

In November 2006, while in Kuwait City, the United States Embassy learned of the outstanding Indictment and pending warrant for Guy's arrest, [Doc. 5, Addendum, p. 2), and Guy was advised to resolve the matter. [Id.. p. 2.] Due to the warrant, Guy's passport was confiscated by the American Embassy. [Id.] Guy contends that he immediately retained an attorney, Aaron Dinwiddie [Id., p. 3], so as to resolve the Indictment and warrant.

---

[2] A court may judicially notice its own records and official records of sister courts. St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) (discussing judicial notice of state court records).

[3] It is unclear whether Guy intended his "addendum" to the original complaint to supplant the original complaint. [Doc. Nos. 1, 5,] Because Guy attached the original complaint to the addendum, the Court refers to the addendum [Doc. 5], along with his attached original complaint.

In February 2007, Guy was under investigation by the United States Army Criminal Investigation Division (CID) as well as by the Kuwait CID in Kuwait City concerning issues relating to contractor "badging" requirements [Doc. 5, attached original complaint, attached pages 1-2]. Guy contends that as a result of problems relating to an allegedly unauthorized badge, and due to his poor health and the confiscation of his passport, he was unable to leave Kuwait City to return to the United States to resolve the outstanding warrant. [Doc. 5, attached Original Complaint, attached page 2.]

Guy was taken into custody by military CID officials and placed in a Kuwait detention facility. [Doc. 5, p. 4.] He alleges that his arrest by military police Officer Timothy Northcutt in Kuwait City was illegal. [Id.] Further, Guy contends he was detained in "intolerable and primitive" conditions without access to medication, and placed in a cell with an "intoxicated Egyptian." [Doc. 5, pp. 4-5.] Guy alleges that he was escorted out of Kuwait by Assistant United States Marshal Donald Dunn and brought to the United States in violation of international law, and, specifically, in violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. [Doc. 5.]

Guy asserts that Defendants all "conspired with Assistant District Attorneys Nelson Goodin and Susana Martinez" to have Guy "extradited illegally" in violation of international and federal laws. [Doc. 5, p. 7; attached Original Complaint, p. 3.] In his *ad damnum* clause, he asks that "all pending felony counts to be dismissed" and that he be awarded damages.[4] [Doc. 5, attached Original Complaint, last page.]

---

[4]In June 2008, Guy entered a plea of "no contest" to sixteen felony charges before State District Judge Doug Driggers, and was sentenced to twenty-one years in prison. Six years were suspended, and Guy is currently serving his fifteen-year sentence. State v. Guy, D-307-CR-200500423.

### *In Personam* **Jurisdiction**

Timothy Northcutt is a military policy officer assigned to the United States Army CID [Doc. 5, attached Original Complaint, p. 1.] "CID" is an acronym for the U.S. Army Criminal Investigation Command. *See* United States ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 937 (10th Cir. 2008) (referring to the United States Army Criminal Investigation Command or Division as "CID"). The CID is "the Army's primary criminal investigative organization and DOD's (Department of Defense) premier investigative organization. CID is responsible for the conduct of criminal investigations in which the Army is, or may be, a party of interest."[5]

Guy does not assert that any act allegedly committed by Northcutt occurred within the District of New Mexico. It does not appear that this Court has *in personam* jurisdiction over Officer Northcutt. *In personam* jurisdiction, as opposed to subject matter jurisdiction, involves the power which a court may acquire over a defendant himself in contrast to jurisdiction over the subject matter. *See* Trujillo v. Williams, 465 F.3d 1210, 1216 (10th Cir. 2006) (affirming district court's dismissal of defendants when nothing in the complaint indicated any connection between the defendants and the State of New Mexico such that *in personam jurisdiction* could be properly exercised).[6]

Before the District of New Mexico can assert its authority over Officer Northcutt, the Court must conclude that Northcutt has sufficient or minimum contacts with the District of New Mexico

---

[5] http:\\www.CID.army.mil/mission/htm.

[6] In Trujillo, the Tenth Circuit Court of Appeals observed that § 1915 contains no express authorization for a dismissal of lack of personal jurisdiction. On a *sua sponte* review under § 1915, some courts have declined to allow dismissal of defendants based on lack of *in personam* jurisdiction because the defense can be waived. Trujillo, 465 F.3d at 1216. However, the Tenth Circuit concluded that a district court may, in certain limited circumstances, dismiss under § 1915 for lack of personal jurisdiction. Id. at 1216-17.

5

that would subject him to this Court's authority, or that the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant. *See* Trujillo, 465 F.3d at 1217. "The exercise of jurisdiction over a nonresident defendant comports with due process 'so long as there exist minimum contacts between the defendant and the forum State.'" Id. at 1217-18 (internal citations omitted). Even assuming minimum contacts existed, the court still must determine whether an assertion of jurisdiction over the nonresident defendant "comports with 'fair play and substantial justice.'" Id. at 1221 (internal citations omitted).

Here, nothing in the Complaint or the Addendum indicates a connection between Northcutt and the State of New Mexico. Moreover, it is obvious from the face of the complaint that there is a jurisdictional defense because all of the allegations relating to Northcutt occurred in another country. Thus, the Court concludes that it lacks jurisdiction over Timothy Northcutt, and, therefore, recommends that Guy's claims against him be dismissed without prejudice. This is not to say that Guy does not have a federal cause of action against Northcutt, but, rather, he has chosen an improper forum within which to prosecute his claims.

### Section 1983 Claims

Guy brings his lawsuit against all Defendants pursuant to 42 U.S.C. § 1983. This statute authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local officials or other person acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right;" and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42, 48 (1988).

In affording Guy the liberal interpretation to which a *pro se* litigant is entitled, Guy likely satisfies the first prong of this test. He alleges that Defendants deprived him of his rights under the Fourth, Eighth, Sixth, and Fourteenth Amendments. However, a 42 U.S.C. § 1983 plaintiff must do more. That is, Guy must demonstrate that whoever is alleged to have deprived him of rights acted under color of state law. Id.

Thus, even if the Court had *in personam* jurisdiction over military police Officer Northcutt, Guy would be hard-pressed to establish the second test. The source of military authority is not state law, but federal law. *See* People of State of Illinois v. U.S. Dep't of the Army, 2001 WL 826875 at *2 (N. D. Ill. July 18, 2001) (the Army is a federal agency acting under color of federal law) (unpublished).

So, too, with Guy's claims against Deputy U.S. Marshal Dunn. The source of a federal marshal's authority is federal law, not state law. Because acting under color of state law is a prerequisite to a § 1983 claim, Guy fails to state a cause of action against Deputy Marshal Dunn. That, however, does not end the lawsuit as to Deputy Marshal Dunn.

In Tripati v. U.S. Immigration & Naturalization Services, 784 F.2d 345, 346 n. 1 (10th Cir. 1986), *cert. denied*, 484 U.S. 1028 (1988), a *pro se* plaintiff sought to assert a claim against a federal official under 42 U.S.C. § 1983. The Tenth Circuit noted that Tripati could not bring a § 1983 claim against a federal official. However, in granting Tripati's petition a liberal construction as authorized under Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court construed Tripati's complaint as an action arising under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 395-97 (1971) (Bivens provides an action for money damages against federal officials who, acting in their individual capacities, violate a person's constitutional rights). Because Tripati's damages claims were directed at federal actors rather than state actors, the district court construed those claims as

7

arising under Bivens. Thereafter, the Court went on to consider the federal official's qualified immunity defenses.

In this case, Guy contends he was illegally detained by Deputy Marshal Dunn and transported to the United States without medication, and that the prolonged flight from Kuwait City to the United States was detrimental to his health. He alleges that Deputy Marshal Dunn violated his constitutional rights.

The Court will liberally construe Guy's claims under Bivens and will not recommend dismissal of those claims at this time. Rather, the United States Marshal should proceed with appropriate qualified immunity motion practice.

## Absolute Immunity for Prosecutors

Guy's remaining claims are brought against two Assistant District Attorneys in the Las Cruces state courts. However, the law is clear that prosecutors are entitled to absolute immunity for acts brought in a prosecutorial capacity. Van De Camp v. Goldstein, __ U.S. __, 129 S. Ct. 855, 860-61 (2009). Absolute prosecutorial immunity applies when a prosecutor prepares to initiate judicial proceedings, appears in court or presents evidence in support of a search warrant application. Id. As a result, a prosecutor's charging decisions are absolutely immune from civil suit for monetary damages. Hartman v. Moore, 547 U.S. 250, 262 (2006) (*citing* Imbler v. Pachtman, 424 U.S. 409, 431 (1976)).

The Tenth Circuit determined in Becker v. Kroll, 494 F.3d 904 (10th Cir. 2007), that "immunity extends to those activities 'intimately associated with the judicial phase of the criminal process' which undoubtedly includes initiating criminal proceedings." This immunity applies even if the prosecutor files charges knowing he/she lacks probable cause. *See* Imbler, 424 U.S. at 431

n. 34 (applying immunity even when prosecutor deliberately withholds exculpatory information from the court).

Nothing in Guy's Complaint indicates that he is proceeding under a claim that the Assistant District Attorneys violated his rights while involved in administrative or investigative actions. From the face of the Complaint itself, it is apparent that Guy's claims against the District Attorneys arise out of their prosecutorial determinations and actions taken as part of securing indictments or warrants. Thus, these acts are absolutely immune.

The Court determines that the claims against the Assistant District Attorneys Goodin and Martinez fail to withstand scrutiny under Rule 12(b)(6), and those claims should be dismissed with prejudice.

### Recommendation

The Court recommends that Guy's claims against military Officer Timothy Northcutt be dismissed without prejudice for lack of personal jurisdiction; that Guy's 42 U.S.C. § 1983 claims against Deputy U.S. Donald Dunn be dismissed, with prejudice, for failure to state a claim under Rule 12(b)(6); that Guy's Bivens claim against Deputy U.S. Marshal Dunn proceed; and that Guy's claims against Assistant District Attorneys Nelson Goodin and Susana Martinez be dismissed, with prejudice, based on absolute prosecutorial immunity.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge