# United States District Court
## For The District of New Mexico

| | |
|---|---|
| RICHARD GENE GUY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TIMOTHY NORTHCUTT, United States )<br>Army CID Agent; DONALD DUNN, )<br>Deputy U.S. Marshal; NELSON )<br>GOODIN, Assistant District Attorney for )<br>Dona Ana County, New Mexico; and )<br>SUSANNE MARTINEZ, District Attorney )<br>for Dona Ana County, New Mexico, )<br>)<br>Defendants. )<br>) | Case No. 08-CV-347-WFD |

**<u>ORDER ADOPTING CHIEF MAGISTRATE'S REPORT AND RECOMMENDATIONS</u>**

THIS MATTER is before the Court on the Chief Magistrate Judge's Report and Recommendation ("R&R"), filed April 9, 2009 [Dkt. 52], recommending dismissal of Richard Gene Guy's ("Guy") claims against Defendants Timothy Northcutt ("Northcutt"), and Assistant District Attorneys Nelson Goodin ("Goodin") and Susana Martinez ("Martinez"). The Magistrate Judge further recommended that Guy's § 1983 claims against Defendant Donald Dunn ("Dunn") be dismissed, with prejudice, for failure to state a claim, but that those claims against Dunn construed as arising under *Bivens v.*

*Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 395-97 (1971) be allowed to proceed.

On April 23, 2009, Guy filed objections to the R&R [Dkt. 53], and the Court conducted a *de novo* review of those portions of the R&R to which Guy objects.

## I.  *DE NOVO* REVIEW

### A.     Defendant Northcutt

The R&R recommended that Guy's claims against Northcutt, a military police officer assigned to the U.S. Army Criminal Investigative Command, be dismissed, without prejudice, for lack of *in personam* jurisdiction over Northcutt.  In other words, nothing in Guy's complaint or pleadings indicated any connection between Northcutt and the District of New Mexico, where this Court possesses jurisdiction.  According to the pleadings, Northcutt's actions all allegedly occurred in Kuwait, without any connection to New Mexico.  Thus, the Magistrate Judge recommended finding that the Northcutt be dismissed for lack of personal jurisdiction.  The Magistrate Judge further clarified that while Guy may still have a federal cause of action against Northcutt, he chose an improper forum within which to proceed against Northcutt.

In his objections, Guy argues generally that Northcutt should remain a defendant in this proceeding.  He contends that Northcutt is a federal officer or employee, was acting under federal authority, and violated Guy's Eighth Amendment right to be free from cruel and unusual treatment while Guy was in Kuwait.  Guy does not understand

what other court he could have proceeded in against Northcutt. [Dkt. 53, pp. 1-2.]

This Court agrees with the Magistrate Judge's findings and recommendation as to claims against Northcutt. In reviewing the pleadings along with Guy's objections, it is clear that all of the allegations relating to Northcutt pertain to alleged actions taken in Kuwait. A court may only exercise personal jurisdiction over a foreign defendant if the foreign defendant has certain minimum contacts with the forum state. *Dixie Aire Title Services, Inc. v. SPW, L.L.C., et al.,* 2008 WL 570960, *1 (W.D. Okla. Feb. 28, 2008) (unpublished) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). *See also Good v. Khosrowshahi*, 296 F. App'x 676, 678, 2008 WL 4596342, *2 (10th Cir. Oct. 15, 2008) (unpublished) (42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district court to adjudicate claims alleged against foreign defendants).

While the burden is light in showing personal jurisdiction over a defendant in the preliminary stages of litigation, *Dixie Aire*, 2008 WL 570960, *2 (internal citation omitted), Guy presented no evidence to support the Court's exercise of personal jurisdiction over Northcutt. There is no evidence or allegation of "minimum contacts" with New Mexico sufficient for Northcutt to anticipate begin haled into court here, nor is there evidence to support a finding that the exercise of jurisdiction would comport with due process. *See Good*, 296 F. App'x 678-79. Therefore, the Court overrules Guy's objections as to the dismissal without prejudice of all claims against Northcutt. *See*

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissal for lack of jurisdiction should be without prejudice).  Mr. Guy is free to file a new complaint alleging *Bivens* claims against Mr. Northcutt in a federal court which possesses personal jurisdiction over him.

**B.    Defendants Goodin and Martinez**

The Magistrate Judge recommended that Guy's claims against two Las Cruces, New Mexico Assistant District Attorneys ("ADA") be dismissed, with prejudice, based on the doctrine of absolute prosecutorial immunity. [Dkt. 52, p. 8.] The Magistrate Judge appropriately relied on well-established law that grants absolute immunity to prosecutors who act in a prosecutorial capacity. [*Id.*] A prosecutor's charging decisions are absolutely immune from civil suit for monetary damages, which is exactly the type of lawsuit Guy brings against ADAs Goodin and Martinez.

In his objections, Guy argues that ADA Martinez conspired with Defendant Dunn to "kidnap" Guy from Kuwait.  He further contends that an ADA has no authority to arrest, detain, or  extradite a United States citizen "on foreign soil without federal authority." [Dkt. 53, pp. 3-4.]

With respect to ADA Goodin, Guy asserts that once Guy was in custody, apparently in New Mexico, ADA Goodin purportedly lied to the state court judge by stating Kuwait "deported" Guy.  According to Guy, Goodin's "exuberance" in prosecuting

Guy made him overstep his bounds and violated Guy's Fifth Amendment rights. [Dkt. 53, p. 4.]

Guy's summary contentions of a conspiracy do not suffice.  A claim of conspiracy generally is subject to a heightened pleading requirement.  *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (mere conclusory allegations with no supporting factual averments to support a conspiracy are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action, and the burden is even stricter where the state officials allegedly involved in a conspiracy are immune from suit.)  Here, there is no evidence that the Las Cruces ADAs extradited Guy from Kuwait or that they were in Kuwait at any time with respect to Guy's detention in Kuwait.

The evidence establishes that Defendants Goodin and Martinez were, at all times, acting in a prosecutorial capacity.  Thus, they are entitled to absolute prosecutorial immunity in this case.  The Court, therefore, overrules Guy's objections as to the dismissal of claims against Goodin and Martinez, with prejudice.

**C.   Defendant Dunn**

The Magistrate Judge recommended that Guy's § 1983 claims against Dunn be dismissed with prejudice because there were no allegations that Dunn, a federal marshal, acted under color of state law.  However, in allowing Guy's complaint a liberal construction, the Magistrate Judge construed Guy's claims against Dunn to arise under

*Bivens*, thereby allowing the action for monetary damages against a federal official to proceed.

In his objections, Guy states that he "agrees in part with this Court's assessment, that Mr. Dunn shall remain a defendant." [Dkt. 53, p. 2.] It is not clear what objections Guy asserts with respect to the Magistrate Judge's recommendation other than to anticipate a defense of qualified immunity that Dunn may raise by pleading and to which Guy will have an opportunity to respond.

To the extent that Guy raises objections to the Magistrate Judge's recommendations regarding claims asserted against Dunn, the Court overrules those objections.

## II.  CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge is adopted by the Court.

IT IS FURTHER ORDERED that Plaintiff Guy's claims against Defendant Northcutt are dismissed without prejudice, with the result that Northcutt is dismissed from this lawsuit.

IT IS FURTHER ORDERED that Plaintiff Guy's claims against Defendants Goodin and Martinez are dismissed, with prejudice, with the result that Goodin and Martinez are dismissed from this lawsuit.

IT IS FURTHER ORDERED that Plaintiff Guy's § 1983 claims against Defendant

Dunn are dismissed, with prejudice, but that the *Bivens* claims against Dunn are allowed to proceed.

Dated this  8th  day of May, 2009.

HONORABLE WILLIAM F. DOWNES
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION