# United States District Court
## For The District of New Mexico

RICHARD GENE GUY, )
 )
    Plaintiff, )
 )
vs. ) Case No. 08-CV-347-WFD
 )
DONALD DUNN, Deputy U.S. Marshal )
 )
    Defendant. )

### ORDER ADOPTING CHIEF MAGISTRATE'S REPORT AND RECOMMENDATIONS

This matter comes before the Court on a motion to dismiss filed by Defendant Donald Dunn. Also before the Court is the Report and Recommendation of Chief Magistrate Judge Garcia, filed on June 1, 2009. Plaintiff Guy filed a motion objecting to the Magistrate's report and recommendation, and to dismissal generally, on June 19, 2009. Although untimely filed, *see* 28 U.S.C. § 636(b)(1), the Court will nonetheless consider the substance of Mr. Guy's objections in the course of its *de novo* review of the Chief Magistrate's report. Considering itself in all respects fully advised and informed, the Court hereby FINDS and ORDERS:

### I. *DE NOVO* REVIEW

#### A. Factual and Procedural Background

The factual background of this case is thoroughly detailed in the Chief Magistrate's Report and Recommendations. Rather than recite the same history, the

Court incorporates that section of the Chief Magistrate's report here by reference.

Plaintiff's complaint states a number of claims against Defendant Dunn under 42 U.S.C. § 1983, which the Court previously determined should be viewed as *Bivens* claims since Dunn is a Deputy U.S. Marshal. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Liberally construed, Plaintiff's complaint states claims that his Fourth Amendment rights were violated by a supposedly illegal arrest and extradition from Kuwait to New Mexico; that his Fifth Amendment rights were somehow violated in the process; that his Sixth Amendment right to counsel was abrogated; and that his Fourteenth Amendment right to receive adequate medical care during his transport back to this country. *See Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994) (locating pre-trial detainees' right to adequate medical care in the Fourteenth Amendment rather than in the Eighth Amendment as is the case with convicted prisoners). Plaintiff also vaguely alleges that he was the victim of an indeterminate conspiracy to illegally arrest him.

### B. Analysis of Plaintiff's Claims and Defendant's Motion to Dismiss

As an initial matter, the Court notes that Defendant filed multiple affidavits in support of his motion to dismiss. Because the Court considered these affidavits in its review, it must consider Defendant's motion under the standard for summary judgment. *Lowe v. Town of Fairland, Okla*, 143 F.3d 1378, 1281 (10th Cir. 1981).

In other words, the Court must determine whether, drawing all inferences in

favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 255 (1986).  Where the movant meets his burden on summary judgment of showing that no genuine issues of material fact exist, the non-movant must come forward with "sufficient evidence in specific factual form" to show that such an issue does exist in order to avoid judgment.  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *see also Johnson v. Lindon City*, 405 F.3d 1065, 1068 (10th Cir. 2005) (a mere scintilla of evidence is insufficient to create a genuine issue of material fact).  "[A]n opposing party may not rely merely on allegations or denials in its own pleadings; rather its response must—by affidavits or as otherwise provided by this rule—set out specific facts showing a genuine issue for trial."  FED. R. CIV. P. 56(e)(2). It is clear from a *de novo* review of the filings in this case, that no genuine issues of fact exist regarding Mr. Guy's claims against Mr. Dunn, and that his complaint must therefore be dismissed.

Deputy Marshal Dunn argues that he is entitled to qualified immunity for his actions, and that he is therefore insulated from suit.  The doctrine of qualified immunity provides "immunity from suit rather than a mere defense to liability." *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007).  In order to defeat a claim of qualified

immunity, the non-movant plaintiff bears the two-part burden of showing (1) that the defendant violated a constitutional right of the plaintiff, and (2) that that right was clearly established at the time of the incident. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *Saucier* further clarifies that "[t]his inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition. *Id.* Only if the plaintiff manages to carry his two-part burden must the defendant show that his motion for judgment is justified by the absence of genuine issues of material fact. *See Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995).

### 1. Plaintiff's Fourth Amendment Claims

Mr. Guy essentially claims he was illegally arrested and extradited from Kuwait to New Mexico, where he was subsequently prosecuted on state tax fraud claims. There is no dispute that Mr. Guy was detained in Kuwait by Kuwaiti officials, then turned over to U.S. Army Criminal Investigative Division agents, who in turn passed Mr. Guy to Deputy Dunn. In the course of taking custody of Mr. Guy, Deputy Dunn was acting pursuant to a valid New Mexico arrest warrant, and to federal law allowing federal agents to escort American citizens detained in foreign countries for the purposes of later prosecution. *See* 18 U.S.C. § 3192.

Plaintiff fails to provide any factual support showing his arrest was illegal, the New Mexico warrant was invalid, or that Defendant Dunn lacked authority to escort him to the United States. Plaintiff has therefore failed to carry his burden of showing that

Deputy Dunn violated Mr. Guy's clearly established constitutional rights. Further, even if qualified immunity were inappropriate, there is no genuine issue of fact on which a fact finder could find Guy's Fourth Amendment rights violated. The Court therefore adopts the Chief Magistrate's report and recommendations as to Guy's Fourth Amendment claims.

### 2. Plaintiff's Fifth Amendment Claim

The Court concurs with the Chief Magistrate's finding that Guy has not stated any facts in support of a Fifth Amendment claim. Even liberally construing Plaintiff's allegations, it cannot locate a basis for a Fifth Amendment complaint, and Plaintiff has certainly not set forth any facts to support such a claim. The Chief Magistrate's recommendations are therefore adopted as to Guy's Fifth Amendment claim: Deputy Dunn is entitled to qualified immunity.

### 3. Plaintiff's Sixth Amendment Claim

The Court has thoroughly examined the record and can find no moment in the process of Mr. Guy's transportation from Kuwait to the United States in which it is even alleged Mr. Guy was subjected to a custodial interrogation, or any other circumstance which would have entitled him to counsel under the Sixth Amendment. Guy's objections to the report and recommendation do not further clarify the matter, and do not provide any facts to support such a claim. Consequently, Mr. Guy has failed to meet his burden of showing a violation of a clearly established constitutional right, and

Deputy Marshal Dunn is entitled to qualified immunity. As with Mr. Guy's Fourth amendment claims, even if qualified immunity was inappropriate, summary judgment would nonetheless lie, since it is apparent that no genuine issues of material fact exist regarding this claim.

### 4. Plaintiff's Eighth/Fourteenth Amendment Claim

The Court examined *de novo* Plaintiff's complaint, the Defendant's motion to dismiss, and the Chief Magistrate's recommendations regarding Plaintiff's claim that he was denied medical care. Applying the deliberate indifference standard set forth in *Estelle v. Gamble,* 429 U.S. 97, 104 (1976), it is clear that no genuine issues of material fact exist for consideration by a fact finder. The Court notes that Plaintiff must establish both that he possessed "serious medical needs" and that Defendant Dunn displayed "deliberate indifference to those needs." *Id.*

The deliberate indifference test is a difficult standard to meet; it "requires a higher degree of fault than negligence, or even gross negligence." *Barrie v. Grand County*, 119 F.3d 862, 869 (10th Cir. 1997). Deliberate indifference involves both an objective and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is satisfied if the deprivation is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sealock* at 218 F.3d at 1209. A medical need is sufficiently serious if it has been diagnosed by a doctor, or if it would be obvious to a layperson that doctor intervention was needed. *Thompson v. Gibson*, 289 F.3d

1218, 1222 (10th Cir.2002). The subjective component is satisfied if the official knows of and disregards an excessive risk to [arrestee] health or safety. *Farmer*, 511 U.S. at 837; *Sealock*, 218 F.3d at 1209. That is, the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Plaintiff Guy has submitted no evidence that Defendant was aware of, or could have drawn an inference that, a substantial risk of harm arising from Plaintiff's transportation existed. Indeed, Plaintiff has submitted no affidavits or other factual information to support his claim that he even possessed a serious medical need. The Court therefore concurs with the Chief Magistrate's findings that Plaintiff's Eighth or Fourteenth Amendment claims should be dismissed due to qualified immunity.

### 5. Plaintiff's Conspiracy Claim

Plaintiff's complaint and subsequent filings contain scant detail as to his conspiracy claim. It is clear that Plaintiff has not presented any evidence that a material issue of genuine fact exists that Defendant Dunn conspired to illegally extradite Mr. Guy from Kuwait. Nor can Plaintiff's objection to the report be read to comply with the requirements of FED. R. CIV. P. 56(f) (regarding the submission of an affidavit explaining how discovery might assist a party in supporting its claim). The Court agrees with the Chief Magistrate's recommendation regarding dismissal of this matter as well.

## II. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge is adopted by the Court.

IT IS FURTHER ORDERED that Plaintiff Guy's claims against Defendant Dunn are dismissed with prejudice as Defendant.

Dated this ___ day of August, 2009.

_____
HONORABLE WILLIAM F. DOWNES
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

-8-